EISENBERG & BAUM LLP
24 UNION SQUARE EAST, 4TH FLOOR
NEW YORK, NEW YORK 10003
(212) 353-8700
ATTORNEYS FOR PLAINTIFF


**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------

| | |
|---|---|
| IKE WILLIAMS, | **No. 17-7687** |
| Plaintiff, | |
| v. | **AMENDED COMPLAINT** |
| MTA BUS COMPANY, | **JURY TRIAL DEMANDED** |
| Defendant. | |

-------------------------------------------------------------

Plaintiff, IKE WILLIAMS ("Plaintiff"), by and through his undersigned counsel, EISENBERG & BAUM, LLP, hereby sues Defendant, MTA BUS COMPANY ("Defendant") and alleges as follows:

**PRELIMINARY STATEMENT**

1.      Plaintiff Ike Williams has been deaf since birth. His deafness impacted his ability to learn and acquire language from an early age, and as a result, he has difficulty communicating in English. Plaintiff attempted to apply for a job as an Assistant Stock Worker with the MTA Bus Company, but the Defendant failed to accommodate his disability during the required written examination for that position. As a result, Plaintiff failed the examination and was not considered for the job.

2.      Plaintiff brings this action against the MTA Bus Company to compel it to cease

unlawful discriminatory workplace practices and implement policies and procedures that will ensure that deaf and hard-of-hearing persons are free from discrimination. Plaintiff seeks declaratory, injunctive, and equitable relief; compensatory damages; and attorneys' fees and costs to redress Defendant's unlawful discrimination on the basis of disability in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; the New York Human Rights Law ("NYHRL"), N.Y. Exec. L. § 290, et seq.; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101, et seq.

## THE PARTIES

3.      Plaintiff IKE WILLIAMS is an individual residing in Brooklyn, Kings County, New York. Plaintiff is deaf, primarily communicates in American Sign Language (ASL), and is substantially limited in the major life activities of hearing, speaking, and reading, making him a qualified individual with a disability within the meaning of federal, state, and local civil rights laws.

4.      Defendant MTA BUS COMPANY is a New York domestic government corporation responsible for bus operations in New York City, with a principal place of business located at 2 Broadway, City of New York, County of New York, State of New York. Upon information and belief, Defendant is a subsidiary of the Metropolitan Transit Authority ("MTA"). Upon information and belief, Defendant is a recipient of federal financial assistance.

## JURISDICTION & VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under the laws of the United States,  and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 for Plaintiff's claims arising under state and local laws.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the

Defendant resides within the jurisdiction of this District, and the Defendant has sufficient contacts with this District to subject it to personal jurisdiction at the time this action is commenced, and/or the acts and omissions giving rise to this Complaint occurred within this District.

## STATEMENT OF FACTS

7.      Plaintiff is a profoundly deaf individual whose first and primary language is American Sign Language.

8.      Plaintiff has limited English proficiency (both spoken and written) as a result of his disability.

9.      In or around January of 2016, Plaintiff applied for a job as an Assistant Stock Worker through Defendant, and registered for the examination necessary to obtain that job (#6302).

10.      The examination consists of multiple-choice questions in written English.

11.      On June 14, 2016, Plaintiff requested the accommodation of an ASL interpreter for the exam through an email exchange with a designated employee of the Defendant, Jennifer Garcia.

12.      Jennifer Garcia informed Plaintiff that the Defendant would not provide an ASL interpreter for the test.

13.      Plaintiff took the examination, without an interpreter, on June 26, 2016.

14.      On or about November 25, 2016, Plaintiff learned that he had failed the examination.

15.      Plaintiff would have been able to pass the examination with the reasonable accommodation of an ASL interpreter to interpret the examination and its instructions.

16.      Plaintiff is and has been capable of performing the essential functions of the

Assistant Stock Worker job, with reasonable accommodations as necessary.

17.     The Defendant's failure to accommodate Plaintiff's disability deprived Plaintiff of the opportunity to demonstrate that he could fulfill the essential functions of the Assistant Stock Worker position, with reasonable accommodation.

18.     Plaintiff still wishes to be considered for the Assistant Stock Worker position.

19.     Upon information and belief, it is the MTA Bus Company's policy to administer all employment examinations in English, and not to allow any exceptions to that policy, regardless of the actual English language requirements of any particular employment position.

## FIRST CAUSE OF ACTION:
## SECTION 504 OF THE REHABILITATION ACT

20.     Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

21.     At all times relevant to this action, Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 has been in full force and effect and has applied to the Defendant's conduct.

22.     At all times relevant to this action, Plaintiff has had a substantial limitations to the major life activities of hearing, speaking, and reading, and has been an individual with a disability within the meaning of the Rehabilitation Act. 29 U.S.C. § 705(9).

23.     At all times relevant to this action, Defendant has been a program or activity receiving federal financial assistance pursuant to 29 U.S.C. § 794(b).

24.     Pursuant to Section 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

25.     Defendant subjected Plaintiff to discrimination, solely on the basis of disability, in violation of 29 U.S.C. § 794.

26.     Plaintiff is therefore entitled to compensatory damages, injunctive relief, and an award of attorney's fees, costs, and disbursements, pursuant to 29 U.S.C. § 794(a).

## SECOND CAUSE OF ACTION:
## NEW YORK HUMAN RIGHTS LAW

27.     Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

28.     At all times relevant to this action, the New York Human Rights Law, Article 15 of the New York Executive Law § 290, et seq. has been in full force and effect and has applied to Defendant's conduct.

29.     At all times relevant to this action, Plaintiff has had substantial impairments to the major life activities of hearing, speaking, and reading and has been a qualified individual with a disability within the meaning of New York Executive Law § 292(21).

30.     At all times relevant to this action, Defendant has been an employer within the meaning of N.Y. Exec. L. § 292(5).

31.     The New York Human Rights Law declares: "The opportunity to obtain employment without discrimination because of . . . disability[] is hereby recognized as and declared to be a civil right." N.Y. Exec. L. § 291(1).

32.     Pursuant to N.Y. Exec. L. § 296(1)(a), it shall be an unlawful discriminatory practice for "an employer or licensing agency, because of an individual's . . . disability . . . to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

33.     Pursuant to N.Y. Exec. L. § 296(1)(d), it shall be an unlawful discriminatory practice for "any employer or employment agency to . . . to use any form of application for employment or to make any inquiry in connection with prospective employment, which expresses directly or indirectly, any limitation, specification or discrimination as to . . . disability . . . or any

intent to make any such limitation, specification or discrimination, unless based upon a bona fide occupational qualification[.]"

34.     Plaintiff is an aggrieved person within the meaning of N.Y. Exec. L. § 297(9), which extends a cause of action and relief to "any person claiming to be aggrieved" by an unlawful discriminatory practice.

35.     Defendant discriminated against Plaintiff, on the basis of disability, in violation of the NYHRL.

36.     Plaintiff is therefore entitled to compensatory damages, injunctive relief, and an award of attorney's fees, costs, and disbursements pursuant to N.Y. Exec. L. § 297(9).

**THIRD CAUSE OF ACTION:**
**NEW YORK CITY HUMAN RIGHTS LAW**

37.     Plaintiff repeats and realleges all preceding paragraphs in support of this claim.

38.     At all times relevant to this action, the New York City Human Rights Law ("NYCHRL"), New York City Administrative Code § 8-101 et. seq., has been in full force and effect and has applied to Defendant's conduct.

39.     At all times relevant to this action, Plaintiff has had substantial impairment to the major life activities of hearing and speaking, and has therefore been a qualified individual with a disability within the meaning of N.Y.C. Admin. Code § 8-102(16).

40.     At all times relevant to this action, Defendant has been a covered entity and an employer within the meaning of N.Y.C. Admin. Code §§ 8-102(1), (5), & (17).

41.     Pursuant to N.Y.C. Admin. Code § 8-107(1)(a), it shall be unlawful discrimination for "an employer or an employee or agent thereof, because of the actual or perceived . . . disability . . . of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or

privileges of employment."

42.     Pursuant to N.Y.C. Admin. Code § 8-107(1)(d), it shall be unlawful discrimination for "any employer, labor organization or employment agency or an employee or agent thereof . . . to use any form of application for employment or to make any inquiry in connection with prospective employment, which expresses, directly or indirectly, any limitation, specification or discrimination as to . . . disability . . .or any intent to make any such limitation, specification or discrimination."

43.     Plaintiff is an aggrieved person within the meaning of N.Y.C. Admin. Code § 8-502(a), which extends a cause of action and relief to "any person claiming to be aggrieved" by the discrimination of a person on the basis of his or her disability.

44.     As set forth above, Defendant discriminated against Plaintiff on the basis of disability, in violation of the NYCHRL.

45.     Plaintiff is therefore entitled to compensatory damages, injunctive relief, and an award of attorney's fees, costs, and disbursements, pursuant to N.Y.C. Admin. Code § 8-502(a) and (g).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief:

a.     Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that Defendant's policies, procedures, and practices have subjected Plaintiff to unlawful discrimination in violation of Section 504 of the Rehabilitation Act, the New York State Human Rights Law, and the New York City Human Rights Law;

b.     Enjoin Defendant from implementing or enforcing any policy, procedure, or practice that discriminates against deaf and hard-of-hearing individuals;

c.   Order Defendant:

   i.    to provide in-person ASL interpreters to Plaintiff for any examinations in written English; as well as for job functions requiring significant communication in English (including safety classes, job trainings, and any other presentations or meetings expected to last longer than fifteen (15) minutes);

   ii.   to develop, implement, promulgate, and comply with a policy prohibiting future discrimination against Plaintiff or other deaf or hard of hearing individuals;

   iii.  to develop, implement, promulgate, and comply with a policy to ensure that Defendant will notify individuals who are deaf or hard of hearing of their right to reasonable accommodations;

   iv.   to train all its employees, staff, and other agents about the communication needs of deaf or hard of hearing individuals, and their rights under federal, state, and local civil rights laws.

d.   Award to Plaintiff:

   i.    Compensatory damages pursuant to the Rehabilitation Act, the NYSHRL, and the NYCHRL;

   ii.   Reasonable costs and attorneys' fees pursuant to the Rehabilitation Act and the NYCHRL;

   iii.  Interest on all amounts at the highest rates and from the earliest dates allowed by law;

   iv.   Any and all other relief that this Court finds necessary and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury for all of the issues a jury properly may decide, and for all of the requested relief that a jury may award.

Respectfully submitted:

EISENBERG & BAUM, LLP

By:

Eric M. Baum, Esq. (EB-5493)
ebaum@EandBlaw.com

Andrew Rozynski, Esq. (AR-2870)
arozynski@EandBlaw.com

Attorneys for Plaintiffs
Office and Post Office Address
24 Union Square East, Fourth Floor
New York, NY 10003
(212) 353-8700