UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IKE WILLIAMS,

                            Plaintiff,

               -against-

MTA BUS COMPANY,

                            Defendant.

17cv7687 (DF)

**MEMORANDUM AND ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

       This action is before this Court on consent pursuant to 28 U.S.C. § 636(c). On April 20, 2020, the Court issued a Memorandum and Order granting the motion of defendant MTA Bus Company ("Defendant") for summary judgment, denying the cross-motion of plaintiff Ike Williams ("Plaintiff") for summary judgment, and dismissing Plaintiff's claims in their entirety. (Dkt. 54 (Memorandum and Order); *see also* Dkt. 55 (Clerk's Judgment).) Now before the Court is Plaintiff's motion seeking reconsideration of that ruling. (Dkt. 57.) For the reasons set forth below, Plaintiff's motion is denied.

       By way of brief background, Plaintiff, who is deaf, was a job applicant for a position with Defendant. After Plaintiff failed the examination required for the position, he brought this lawsuit, alleging that Defendant's failure to provide him with an American Sign Language interpreter during the exam violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (the "Rehab Act"); the New York State Human Rights Law, N.Y. Exec. L. § 290, *et seq.* (the "NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq.* (the "NYCHRL"). Defendant moved for summary judgment on the grounds that, *inter alia,* Plaintiff had failed to demonstrate a genuine issue of material fact on the question of whether he was qualified for the position he sought. Although Plaintiff, relying on case law from outside the

Second Circuit, argued that he only needed to show that he was qualified to take the examination, not to perform the essential functions of the position he sought, this Court ultimately agreed with Defendant that Plaintiff had failed to show that he could meet his burden of making out a *prima facie* case of disability discrimination, and, on that basis, dismissed Plaintiff's claims. *See Williams v. MTA Bus Co.,* No. 17cv7687 (DF), 2020 WL 1922911, at *7 (S.D.N.Y. Apr. 20, 2020) ("It is well-settled and uncontroversial law that a plaintiff asserting a disability discrimination claim in the employment context must be able to demonstrate – as part of a *prima facie* case – that he or she was qualified for the position at issue."). Two days after this Court's decision, another Court in this District concluded differently in the similar case of *Frilando v. New York City Transit Auth.,* No. 18cv5204 (LGS), 2020 WL 1940313, at *8 (S.D.N.Y. Apr. 22, 2020) (finding that the plaintiff was "required to show only that he could perform the essential functions of the exams for his claim of failure to accommodate his taking the exam"). Plaintiff thereafter moved for reconsideration in this case. (Dkt. 57.)

Motions for reconsideration in this District are governed by Local Civil Rule 6.3, which provides that reconsideration may be granted where the Court has "overlooked" factual matters or "controlling" decisions. Local Civ. R. 6.3; *see Power Auth. of State of New York v. Tug M/V ELLEN S. BOUCHARD,* 433 F. Supp. 3d 477, 478 (S.D.N.Y. 2019) ("The standard is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." (internal quotations and citation omitted)). A motion for reconsideration is not an appropriate vehicle for either rehashing arguments already put forward on the initial motion, or raising new arguments that the party seeking reconsideration could have made in the initial briefing. *Schoolcraft v. City of New York,* 248 F. Supp. 3d 506, 508 (S.D.N.Y. 2017) ("A party seeking reconsideration may neither repeat arguments already

briefed, considered and decided[,] nor advance new facts, issues or arguments not previously presented to the Court." (internal quotations and citation omitted)). "The decision to grant or deny a motion for reconsideration is left to the sound discretion of the district court." *Power Auth. of State of New York,* 433 F. Supp. 3d at 478 (internal quotations and citation omitted).

As this Court reads Plaintiff's motion, Plaintiff moves for reconsideration on two grounds:  first, that the Court "overlooked" the fact that the statutory text of the Americans with Disabilities Act, 42 U.S.C. § 12201, *et seq.* (the "ADA"),[1] and relevant federal regulations require employers to provide reasonable accommodations during the employment application process (*id.*, at 1-5); and, second, that the Court's legal analysis was in error, as, according to Plaintiff, even if he were ultimately found *not* to have been qualified for the position he sought, he would have still been entitled, at a minimum, to "nominal" damages for Defendant's "technical" error in failing to accommodate him during the application process (*id.*, at 5-6).

With respect to Plaintiff's first argument – that relevant statutory law compels a conclusion that Plaintiff need not have shown that he was qualified for the position sought – this argument was advanced in the briefing that the Court fully considered in reaching its decision on the summary-judgment motions.  The Court neither "overlooked" the statutes cited by Plaintiff, nor concluded, as Plaintiff appears to suggest, that the relevant statutes do not require reasonable accommodations in the job-application process. *See Williams,* 2020 WL 1922911, at *7.  Rather, this Court simply concluded that the requirements laid out by the Supreme Court and Second Circuit for the establishment of a *prima facie* case of discrimination, including the requirement that a plaintiff show that he was qualified for the position sought, apply with equal force where a

---

[1] In its decision, the Court noted that claims brought under the Rehab Act, the NYHSRL and the NYCHRL "are generally analyzed using the same standards that govern employment-discrimination claims under the [ADA]." *Williams*, 2020 WL 1922911, at *5.

3

plaintiff seeks accommodations in the hiring process.  *See id.*  The statutes, regulations, and cases cited by Plaintiff, both in his earlier briefing and now, do not, in this Court's view, compel a different conclusion.

Nor does the *Frilando* decision provide a basis for reconsideration, as that decision had not been issued at the time of this Court's decision (and thus could not have been "overlooked"), and, in any event, would not have been controlling.  *See Camreta v. Greene,* 563 U.S. 692, 709 at n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (citation omitted)).  The fact that this Court analyzed the existing, relevant authority differently than another judge did and reached a contrary result, or that Plaintiff disagrees with this Court's reasoning, is not grounds for reconsideration.  *See Becnel v. Deutsche Bank AG,* 838 F. Supp. 2d 168, 171 n.16 (S.D.N.Y. 2011) ("Mere disagreement with an opinion [] is not a basis for reconsideration."); *Alzamora v. Vill. of Chester,* 534 F. Supp. 2d 436, 439 (S.D.N.Y. 2008) ("[D]isagreement with the court's interpretation of precedent is not a proper ground for reconsideration.").

Plaintiff's second argument – that, regardless of whether Plaintiff was qualified for the position sought, Defendant's failure to provide him with an accommodation in the application process would have been a "technical" violation of the law for which Plaintiff would be entitled to at least "nominal" damages – is equally unavailing.  Not only did Plaintiff fail to raise such an argument in his summary-judgment briefing, but he cites no controlling law (or, indeed, any authority at all from within this Circuit) to support the argument now.  (*See* Dkt. 57, at 5-6 (citing a case from the Eleventh Circuit, a case from the Eastern District of California, and the

4

Restatement (Second) of Contracts).)  Reconsideration on this ground would therefore be unwarranted.

Accordingly, Plaintiff's motion for reconsideration is denied.  The Clerk of Court is directed to close the motion filed at Dkt. 57 on the Docket of this case.

Dated: New York, New York
       August 20, 2020

                                        SO ORDERED

                                        _____
                                        DEBRA FREEMAN
                                        United States Magistrate Judge

Copies to:

All counsel (via ECF)